IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAY DEWAIN DODDERER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-646-M |
| | ) | |
| LORI JORDAN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States Chief District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the reasons that follow, the undersigned recommends that the petition be dismissed on filing because this Court lacks jurisdiction under 28 U.S.C. § 2241(d).

**I.     Background.**

Petitioner alleges that he was convicted of arson in the second degree but was incompetent to aid his attorney during the plea bargaining. Doc. 1, at 1, 5.[1] Petitioner states that the conviction took place in Idabel, Oklahoma and notes that he is currently housed at the Oklahoma Forensic Center. *Id.* at 1.

---

[1]     Citation to page numbers refers to the Court's CM/ECF pagination.

## II. The absence of jurisdiction under § 2241(d).

Under 28 U.S.C. § 2241(d), a federal court has jurisdiction over a prisoner's federal writ of habeas corpus if it is the district court: (1) "for the district wherein such person is in custody" or (2) "within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d).

Petitioner is housed at the Oklahoma Forensic Center, which is located in Vinita, Oklahoma. *See* Doc. 1, at 15 (showing a return address of Vinita, Oklahoma).[2] Vinita, Oklahoma is in Craig County, which is within the boundary of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). And, Petitioner's conviction in Idabel, Oklahoma would have been within McCurtain County. McCurtain County is located within the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Thus, while the Northern and Eastern Districts of Oklahoma have concurrent jurisdiction over Petitioner's habeas petition, the Western District of Oklahoma lacks any jurisdiction. *See* 28 U.S.C. § 2241(d); *see also Lowery v. Att'y Gen. of Okla.*, No. CIV-09-954-F, 2009 WL 3254894, at *1-2 (W.D. Okla. Oct. 7, 2009) (unpublished order) (adopting the magistrate judge's finding that where petitioner had been convicted within the Northern District of Oklahoma, and was housed within the Eastern District of Oklahoma, those

---

[2] *See also* http://www.usahealthcareguide.com/oklahoma-forensic-center-1003021197.html (describing the Oklahoma Forensic Center as a psychiatric hospital in Vinita, Oklahoma).

districts had "concurrent jurisdiction to entertain the application for habeas corpus," but the Western District of Oklahoma lacked any jurisdiction).

Because the case was improperly filed in this Court, it may either be dismissed, or if it is in the interest of justice, transferred to either the Eastern or Northern Districts of Oklahoma. *See* 28 U.S.C. § 1406(a). In this instance, the undersigned recommends dismissal on two grounds.

First, Petitioner's petition is currently too vague and confusing. For example, Petitioner states that he is challenging his conviction because he was too incompetent to aid in his defense. Doc. 1, at 5. The fact that Petitioner is currently housed in a psychiatric facility would certainly suggest mental health issues. Instead, Petitioner seems to rely only on physical injuries causing incompetence, without explanation as to how those injuries made him legally incompetent. *See id.* Petitioner also states that he burned his house down as a cry for help and provides a rambling argument that his lawyer was jealous. *Id.* at 5. Without additional information, it is entirely unclear whether Petitioner is attempting to raise claims of ineffective assistance of counsel and/or innocence with these statements. With dismissal, Petitioner can submit a new petition containing more specific and understandable allegations and can pick the venue of his choice.

Second, Petitioner checked "no" when asked whether he had appealed from his judgment or otherwise sought any post-conviction relief. Doc. 1, at 2-3. This raises serious questions regarding whether Petitioner has exhausted his claims in state court.[3] With dismissal, Petitioner can examine whether he should return to state court before filing a new habeas petition.

## III. Recommendation and notice of right to object.

For the reasons discussed herein, the undersigned Magistrate Judge recommends that the petition be dismissed without prejudice.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf on the Respondent at the following address: fhc.docket@oag.state.ok.us.

---

[3] Serious questions also exist regarding the timeliness of the petition. However, mental incompetence when coupled with institutionalization can warrant equitable tolling. *See Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir. 2009). The Court currently lacks sufficient evidence to know whether this tolling would be available to Petitioner.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 28th day of June, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE